IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEICO INDEMNITY COMPANY,

        Plaintiff,

v.     CASE NO.:

MICAH GRAHAM & CORY MCKINNEY,

        Defendants,
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, GEICO INDEMNITY COMPANY ("GEICO"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 2201, hereby files this Complaint for Declaratory Judgment against Defendants, MICAH GRAHAM and CORY MCKINNEY (collectively referred to herein as "Defendants"), and states as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to obtain a judicial determination and declaration as to the parties' rights and obligations under an automobile insurance policy, policy number 4232163263 ("the Policy"), issued by GEICO to CORY MCKINNEY ("MCKINNEY"), which was in effect from May 26, 2012, through November 26, 2012. [*See* the Policy, attached hereto as Exhibit A]. The 2007 Dodge Ram, bearing VIN: 1D7HU18P07J579418, is a vehicle listed under the Policy. [*Id., at* Declaration Page].

2. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties, and obligations under the Policy.

3. GEICO seeks a declaratory judgment that GEICO does not have a duty to indemnity or defend pursuant to the Policy against a lawsuit styled *Micah Graham v. Cory McKinney, McQueen Membership Group, LLC., and Joseph J. Muzio*, Case No.: 2013-CA-012202-O, filed in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida ("the Underlying Action"). [*See* a copy of MICAH GRAHAM's Amended Complaint in the Underlying Action ("Underlying Complaint"), attached hereto as Exhibit B].[1]

## PARTIES

4. GEICO is incorporated in the State of Nebraska, with its principal place of business in Chevy Chase Maryland. Therefore, GEICO is a citizen of Maryland and Nebraska.

5. Upon information and belief, at all times materials hereto, Defendant, MCKINNEY, is a citizen of the State of Georgia who resides in Cherokee County, Georgia. Therefore, MCKINNEY is a citizen of Georgia.

---

[1] On or about, June 2, 2015, the Court in the Underlying Action granted MICAH GRAHAM's Motion for Leave to Amend To Include Punitive Damages Claim. The Amended Complaint was filed on or about September 18, 2015. Joseph Muzio and McQueen Membership Group were dismissed from the Underlying Action and thus are not parties to the instant matter.

6. Upon information and belief, at all times material hereto, Defendant, MICHAH GRAHAM ("GRAHAM") is a citizen of the State of Florida who resides in Volusia County, Florida. Therefore, GRAHAM is a citizen of Florida.

## STATEMENT OF JURISDICTION

7. GEICO realleges and incorporates by reference the allegations in Paragraphs One (1) through Six(6) above as if fully set forth herein.

8. The Policy provides BI liability coverage policy limits in the amount of $100,000 each person/ $300,000 each occurrence. [*See* Exhibit A, at Declarations Page]. The Policy was issued to MCKINNEY in the State of Georgia. [*Id.*].

9. Based upon the allegations in the Underlying Complaint, GEICO has provided a defense to MCKINNEY in the Underlying Action. Specifically, attorneys Kenneth Amos, Jr., and Miles Hickman with the law firm of Vernis & Bowling of St. Petersburg, P.A., have been retained to defend MCKINNEY.

10. On or about April 18, 2023, a Final Judgement in Accordance with the Verdict Against Defendant ("Final Judgment") was entered in the Underlying Action in favor of GRAHAM and against MCKINNEY for compensatory damages in the amount of eighteen million thirty-two thousand three hundred eight dollars and eighty-five cents ($18,032,308.85) and ten million dollars ($10,000,0000) for punitive damages for a total of twenty-eight millions thirty-two three hundred eight

dollars and eight-five cents ($28,032,308.85). [*See* a copy of the Final Judgment, attached hereto as Exhibit C].

11. Jurisdiction is based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. On information and belief, complete diversity exists between GEICO and the Defendants, as GEICO is a citizen of the State of Maryland and the State of Nebraska, GRAHAM is a citizen of the State of Florida, and MCKINNEY is a citizen of the State of Georgia. The amount in controversy exceeds $75,000, exclusive of interest and costs, as this declaratory judgment action concerns the rights and obligations of GEICO under the Policy pursuant to GRAHAM's claims against MCKINNEY, which includes the available bodily injury policy limits, the cost and expense of GEICO's defense of MCKINNEY, and the Final Judgment against MCKINNEY. The combined potential exposure to GEICO under the Policy if coverage is determined to exist for the subject incident exceeds $75,000.

12. Pursuant to 28 U.S.C. § 1391(a), and Local Rule 1.04(a) and (b), venue is proper in the Orlando Division of the Middle District of Florida because it is the Division encompassing Orange County, the county in which the Underlying Complaint was filed and litigated to the entry of Final Judgment.

13. GEICO contends that there is no coverage available under the Policy for the automobile accident that gave rise to the Underlying Action as alleged in the Underlying Complaint.

14. Based on the foregoing, GEICO is entitled to maintain this action under the laws of Florida.

## GENERAL FACTUAL ALLEGATIONS

15. GEICO realleges and incorporates by reference the allegations in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. In the Underlying Complaint, GRAHAM alleges that on May 31, 2012, in Volusia County, Florida, MCKINNEY was operating the 2007 Dodge Ram and caused it to crash into the rear-end of the vehicle occupied by GRAHAM, who was stopped at a red light ("the Underlying Accident"). [Exhibit B, ¶ 3-5; *See* State of Florida Traffic Crash Report, attached hereto as Exhibit D].

17. As a result of the Underlying Accident, MCKINNEY was cited for careless driving, failure to provide proof of insurance, possession of an open container in a motor vehicle, and driving under the influence. [*Id.*].

18. In the Underlying Complaint, GRAHAM alleges that Joseph Muzio ("Muzio") was an out of state resident that owned McQueen Membership Group, LLC., ("McQueen"), which was an out of state for profit, limited liability company. [Exhibit B, ¶ 2-3]. Further, in the Underlying Complaint, GRAHAM alleges that Muzio owned McQueen, that McQueen leased the 2007 Dodge Ram, which was operated by MCKINNEY that was involved in the May 31, 2012, accident, and that

MCKINNEY was operating the subject motor vehicle was the express or implied consent of McQueen and/or Muzio. [*Id.* at ¶ 2-3, 7-10; Exhibit D].

19. In the Underlying Complaint, GRAHAM alleges that when MCKINNEY caused the May 31, 2012, accident, he was operating the vehicle under the influence of alcohol or drugs. [Exhibit B, at ¶ 13; Exhibit D].

20. In the Underlying Complaint, GRAHAM alleges that following the May 31, 2012, accident investigating police officers observed open alcohol containers in MCKINNEY's vehicle. [Ex. B, ¶ 14; Exhibit D].

21. In the Underlying Complaint, GRAHAM alleges that following the May 31, 2012, accident investigating police officers charged MCKINNEY with driving under the influence after performing a field sobriety test which showed MCKINNEY had exceeded the blood/alcohol limit by blowing a .281 on the first sample and .270 on the second sample. [Exhibit B, ¶ 15; Exhibit D].

22. In the Underlying Complaint, GRAHAM alleges that as the direct and proximate result of MCKINNEY's negligence in causing the May 31, 2012 accident, GRAHAM suffered permeant bodily injury which resulted in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, if any, and that his losses were permanent and continuing with a reasonable degree of

medical probability and that he would continue to suffer these loses in the future. [Exhibit B, ¶ 11].

23. On or about October 7, 2013, GRAHAM initiated the Underlying Action by filing a three (3) count Complaint against MCKINNEY, Joseph Muzio and McQueen Membership Group.

24. On or about June 2, 2015, the Court, in the Underlying Action, granted GRAHAM leave to file an Amended Complaint to assert punitive damages against MCKINNEY. The Amended Complaint was filed on or about September 18, 2015. [Exhibit B]. Accordingly, the Amended Complaint is the operative complaint in the Underlying Action.

25. In the Underlying Complaint, GRAHAM has alleged a cause of negligence against MCKINNEY (Count I), has alleged that McQueen and Muzio are vicariously liable for the negligence of MCKINNEY under the dangerous instrumentality doctrine (Counts II and III), and has alleged punitive damages against MCKINNEY (Count IV). [*Id.*].

26. In the Underlying Action, on or about June 29, 2022, GRAHAM filed a Motion for Sanctions for Fraud Upon the Court by Defendant Cory McKinney ("First Motion for Fraud Upon the Court"). [*See* the First Motion for Fraud Upon the Court, attached here to as Exhibit E]. Therein, GRAHAM alleged that MCKINNEY had committed fraud upon the Court when he lied in his Initial

Interrogatory Answers in 2014, lied at his deposition taken on May 9, 2016, and lied when he provided responses to GRAHAM's asset discovery in 2022. [*Id.* at ¶ 3].

27. In his First Motion for Fraud Upon the Court, GRAHAM alleged that MCKINNEY lied in his Initial Interrogatory Answers and his deposition by stating he had only consumed three (3) beers on May 31, 2012, when his breath showed alcohol levels of .281 at 1:17 a.m. and .270 at 1:20 a.m. and GRAHAM's expert toxicologist testified that MCKINNEY would have consumed about eleven (11) beers. [*Id.* ¶ 7-8].

28. In his First Motion for Fraud Upon the Court, GRAHAM further alleged that MCKINNEY lied in responding to GRAHAM's Asset Interrogatories and Supplemental Request to Produce by deliberately withholding and concealing information related to his assets, work, income, bank accounts, and other financial information. [*Id.* at ¶ 9-29]. Specifically, among other examples, MCKINNEY failed to disclose or identify: 1) he owned real estate located at 3585 Marshall Court, Douglasville, Douglas County, Georgia; 2) had an outstanding mortgage to Paramount Residential Mortgage Group; 3) was employed by Victory Power, LLC as of August 2021; 4) owned two motor vehicles; 5) W-2, 1099, or tax statements; 6) promissory or mortgage notes; 7) deeds to real property; 8) bank accounts; 9) valuation of real property; 10) documents reflecting liabilities, debts, or other obligations. [*Id*].

8

29. On or about August 23, 2022, MCKINNEY filed his Response to GRAHAM's First Motion for Fraud Upon the Court in the Underlying Action.

30. On or about October 11, 2022, the Court, in the Underlying Action, entered an Order that granted GRAHAM's First Motion for Fraud Upon the Court. [*See* the October 11, 2022, Order, attached hereto as Exhibit F]. The October 11, 2022, Order, stated in pertinent part that:

> 1. The Plaintiff's Motion for Sanctions for Fraud on the Court by Defendant Cory McKinney filed July 29, 2022, is GRANTED.
>
> 2. The Court finds that the Defendant has committed a fraud on the Court due to numerous, pervasive lies. The Court finds there is simply no explanation for Defendant's numerous lies provided throughout the court of the entire litigation of this matter.
>
> 3. The Court finds by clear and convincing evidence that the Defendant Cory McKinney intended to withhold material information that went to the heart of the issues of this litigation and then told multiple lies under oath to hide the truth from Plaintiff. The Court further finds that the lies were so extensive and pervasive that the Court is left with no other alternative than to GRANT the Plaintiff's Motion before the Court.
>
> \*
>
> 8. Accordingly, for all the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Sanctions for Fraud on the Court by Defendant Cory McKinney filed July 29, 2022. **The Court strikes the pleadings and defenses of the Defendant, Corey McKinney. This trial will proceed on a determination of the amount of damages thus caused to Plaintiff**.

[*Id.*] (emphasis added).

31. Based on the October 11, 2022, Order, MCKINNEY's pleadings and defenses were stricken and his defense was limited to the issue of damages he caused GRAHAM. [*Id.*].

32. In the Underlying Action, on or about December 12, 2022, GRAHAM filed his Second Motion for Fraud Upon the Court by Defendant Cory McKinney ("Second Motion for Fraud Upon the Court"). [*See* the Second Motion for Fraud Upon the Court, attached hereto as Exhibit G]. Therein, GRAHAM alleged that MCKINNEY committed fraud upon the Court by filing an Emergency Motion to Continue Trial ("Emergency Motion") that sought a continuance of the trial that was scheduled to begin in October 2022 based on MCKINNEY's statement that his health rendered him unable to attend trial. [*Id.* ¶ 2-6]. Based on MCKINNEY's Emergency Motion, the trial was continued until March of 2023. [*Id.* at ¶ 26].

33. In his Second Motion for Fraud Upon the Court, GRAHAM alleged that evidence he acquired following the trial continuance showed that MCKINNEY's emergency medical condition was a lie based on surveillance that demonstrated MCKINNEY continued about his life unimpeded, that MCKINNEY ingested Red Bull energy drinks which were contra-indicated for his medical condition, that MCKINNEY did not seek medical treatment on October 25, 2022 for emergency medical care and treatment, and submitted an affidavit from Dr. Jeffrey Backer that MCKINNEY's diagnosis was subjective and no medical basis existed to restrict MCKINNEY's activities. [*Id.* ¶ 7-40].

34. On or about January 31, 2013, MCKINNEY filed his Response to GRAHAM's Second Motion for Fraud Upon the Court in the Underlying Action.

35. On April 18, 2023, the Court, in the Underlying Action, granted GRAHAM's Second Motion for Fraud Upon the Court. [*See* the April 18, 2023, Order, attached hereto Exhibit H].

36. Also, on or about April 18, 2023, in the Underlying Action a Final Judgment was entered in favor of GRAHAM and against MCKINNEY in the total amount of $28,032,308.85. [Exhibit C].

37. Based on the foregoing, GRAHAM seeks to claim benefits under the Policy for the accident described above.

38. As a result of the allegations in the Underlying Complaint, pursuant to the terms of the Policy, GEICO is providing a defense to MCKINNEY in the Underlying Action subject to a reservation of rights and non-waiver agreement. [*See* the Reservation of Rights letter, attached hereto as Exhibit I; *see also* the Non-Waiver Agreement, attached hereto as Exhibit J].

## POLICY TERMS

39. The Policy's Declarations Page lists MCKINNEY as a Named Insured. [Exhibit A, at Declarations Page]. The 2007 Dodge Ram, VIN: 1D7HU18P07J579418, is identified as a vehicle on the Policy. [*Id*.].

40. The Policy Provides the following relevant definition, in pertinent part, as follows:

**Georgia Family Automobile Policy**
**SECTION I – LIABILITY COVERAGES**

**DEFINITIONS**
The words bolded and italicized in Section I of this policy are defined below.

2. ***Bodily injury*** means bodily injury to a person, caused by accident including resulting sickness, disease, or death.
\*\*\*
4. ***Insured*** means a person or organization described under "persons insured."
\*\*\*
6. Owned auto means:
    (a)    A vehicle described in this policy for which a premium charge is shown for these coverages;
    (b)    ***A trailer*** owned by ***you***;
    (c)    ***A private passenger, farm*** or ***utility auto***, ownership of which ***you*** acquire during the policy period or for which you enter into a lease during the policy period for a term of six months or more, if
        (i)    It replaced an owned auto as defined in (a) above; or
        (ii)    We insure all private passenger, farm, and utility autos owned by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later;
    (d) A temporary substitute auto.
\*\*\*
13. ***You*** and ***your*** means the policyholder named in the declarations or his or her spouse if a resident of the same household.

[Exhibit A, The Policy, at pg. 3 of 18].

41.    Regarding the losses that GEICO will pay, the Policy provides, in pertinent part, as follows:

**AGREEMENT:**

**We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information you have furnished and the declarations page attached to this policy and if *you* pay *your* premium when due, we will do the following:**

**SECTION I – LIABILITY COVERAGES**
**LOSSES WE WILL PAY FOR YOU**
Under Section I, we will pay damages which an ***insured*** becomes legally obligated to pay because of:

> 1. ***Bodily injury***, sustained by a person, and
> 2. Damage to or destruction of property, arising out of the ownership, maintenance or use of the ***owned auto*** or a ***non-owned auto***. We will defend any suit for damages payable under the terms of this policy. Our payment of the liability insurance limits ends our duty to defend or settle. We may investigate and settle any claim or suit.

[*Id.*].

> \*\*\*
> **PERSONS INSURED**
> Who Is Covered
> Section I applies to the following as ***insureds*** with regard to an ***owned auto***:
>    1.   You and your relatives;
>    2.   Any other person using the auto with ***your*** permission;
>    3.   Any other person or organization for his or its liability because of acts or omissions of an ***insured*** under **1.** or **2.** above.

[*Id.* at pg. 5 of 18].

42. Regarding Liability Coverage Conditions, the Policy provides, in pertinent part, as follows:

> **SECTION I – LIABILITY COVERAGES**
> **LOSSES WE WILL PAY FOR YOU**
> \*\*\*
> **CONDITIONS**
> The following conditions apply to **Section I**:
> \*\*\*
> 3. Assistance and Cooperation of the Insured
> The **insured** will cooperate and assist us, if requested:
>    (a)   In the investigation of the occurrence;
>    (b)   In making settlements;
>    (c)   In the conduct of suits;
>    (d)   In enforcing any right of contribution or indemnity against any legally responsible person or organization because of **bodily injury** or property damage; and
>    (e)   At trials and hearings;
>    (f)   In securing and giving evidence;
>    (g)   By obtaining the attendance of witnesses.

Only at his or her own cost will the **insured** make a payment, assume any obligation or incur any costs other than for first aid to others.

4. Action Against Us
No suit will lie against us;
- (a) Unless the **insured** has fully complied with all the policy's terms and conditions.
- (b) Until the amount of the **insured's** obligation to pay has been finally determined, either
  - i. By a final judgment against the insured after actual trial; or
  - ii. By written agreement of the insured, the claimant, and us.

[*Id.* at pg. 5-6 of 18].

## COUNT I: DETERMINATION OF WHETHER GEICO HAS A DUTY TO INDEMNITY AND DEFEND GRAHAM'S CLAIMS

43. GEICO realleges and incorporate by reference the allegations in Paragraphs One (1) through Forty-Two (42) alleged above as if fully set forth herein.

44. GEICO is in doubt as to its rights under the Policy, and in particular, whether GEICO owes an obligation to indemnify and defend MCKINNEY for the claim asserted by GRAHAM in the Underlying Action. Accordingly, a bona fide, actual, and present justiciable controversy exists between the parties named herein.

45. MCKINNEY and GRAHAM are proper parties to this action as their rights, if any, under the Policy may be affected by the Court's declarations in this action.

46. GEICO issued the Policy to MCKINNEY. [Exhibit A, at Declarations Page].

47. The 2007 Dodge Ram, bearing VIN: 1D7HU18P07J579418, is a vehicle listed under the Policy. [*Id.*].

48. In the Underlying Complaint, GRAHAM alleges that MCKINNEY negligently operated the 2007 Dodge Ram causing the May 31, 2012, accident that resulted in his serious bodily injuries. [Exhibit B]; [Exhibit D].

50. In the Underlying Complaint, GRAHAM alleges that MCKINNEY was driving under the influence when he caused the May 31, 2012, accident. [Exhibit B at ¶ 13-17].

51. GRAHAM initiated the Underlying Action against MCKINNEY as a result of the May 31, 2012, accident. [Exhibit B].

52. In the Underlying Action, MCKINNEY's pleadings and defenses were stricken due to his fraud upon the Court. [Exhibit E; Exhibit F; Exhibit G; Exhibit H].

53. In the Underlying Action, a Final Judgment in favor of GRAHAM and against MCKINNEY was entered in the amount of $28,032,308.85. [Exhibit C].

54. GRAHAM has sought insurance proceeds from MCKINNEY's GEICO Policy because MCKINNEY was operating the 2007 Dodge Ram at the time of the May 31, 2012, accident. [*See* Exhibit B, Count I and Count IV].

55. GEICO is providing a defense to MCKINNEY subject to a reservation of rights and non-waiver agreement. [Exhibit I; Exhibit J].

56. Coverage is not provided under the Policy for the claims set forth by GRAHAM in the Underlying Complaint because MCKINNEY has breached the Policy by failing to cooperate in his defense in the Underlying Action when he provided false statements and lied during discovery as reflected in GRAHAM's First Motion for Fraud Upon the Court, the October 11, 2022 Order that struck MCKINNEY's pleadings and defenses, the Second Motion for Fraud Upon the Court, and the April 18, 2023 Order. [Exhibit E – Exhibit H].

57. Through his fraud upon the Court in the Underlying Action, McKinney has failed to assist and cooperate in his defense as follows: in the investigation of the occurrence; in making settlements; in the conduct of suits; at trials and hearings; and in securing and giving evidence. [Exhibit A, at pg. 5-6 of 18].

58. MCKINNEY's failure to assist and cooperate in his defense, detailed above, has resulted in a material breach of the Policy and has prejudiced GEICO's ability to defend him in the Underlying Action.

59. An actual, present, and justiciable controversy exists as to whether or not GEICO has a duty to indemnify and defend MCKINNEY, and/or any other Defendant in the Underlying Action, pursuant to the terms and conditions of the Policy based on the allegations in the Underlying Complaint.

60. GEICO is in doubt as to its rights and obligations to MCKINNEY and GRAHAM under the terms and conditions of the Policy for the Underlying Accident and the Underlying Action.

61. GEICO is in need of an immediate declaration of its rights, duties, and obligations under the Policy as it relates to the Defendants, the Underlying Accident, and the Underlying Action.

62. All conditions precedent to bringing this action have either been performed or otherwise waived.

**WHEREFORE**, GEICO INDEMNITY COMPANY respectfully request this Court enter a Declaratory Judgment determining:

a) That MICAH GRAHAM's claims against CORY MCKINNEY are excluded from coverage under the terms and conditions of the Policy and/or that based on CORY MCKINNEY's breach of the Policy no such coverage is afforded or otherwise exists.

b) That GEICO is not obligated to defend CORY MCKINNEY pursuant to the terms and conditions of the Policy regarding any claims or suits which have been made or could be made by MICAH GRAHAM, including, but not limited to the claims set forth in the Underlying Complaint.

    c)    That GEICO is not obligated to indemnify CORY MCKINNEY pursuant to the terms and conditions of the Policy regarding any claims or suits which have been made or could be made by MICAH GRAHAM, including, but not limited to the claims set forth in the Underlying Complaint.

    d)    That no liability coverage is afforded to CORY MCKINNEY under the Policy as to any claims by anyone arising out of or in any way related to the allegations set forth in the Underlying Complaint.

    e)    That the Court award GEICO's costs incurred in this action.

    f)    That the Court grant any such further or additional relief as it deems necessary and proper.

Respectfully submitted this 26 day of May 2023.

> <u>**s/ ADAM DUKE**</u>
> **ADAM DUKE, ESQ.**
> Florida Bar No.: 55734
> aduke@flalawyer.net
> **DAVID M. ANGLEY, ESQ.**
> Florida Bar No.: 0121464
> dangley@flalawyer.net
> Young, Bill, Boles, Palmer, Duke & Thompson, P.A.
> Truist Place
> 401 E. Jackson St., Suite 2950
> Tampa, FL 33602
> Telephone: (813) 603-3006
> Facsimile: (813) 603-3011
> *Counsel for Plaintiff*